

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00330-CV

_____

SANDY LAKE CHIROPRACTIC AND REHABILITATION, PA, STEPHEN WARD, AND MICHAEL SCHNAPPAUF, Appellants

V.

JASON TINLEY, AS TRUSTEE ON BEHALF OF ALS GRANTOR TRUST, Appellee

On Appeal from the 352nd District Court
Tarrant County, Texas
Trial Court No. 352-349469-24

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

Appellants, Sandy Lake Chiropractic and Rehabilitation, PA, Stephen Ward, and Michael Schnappauf, attempt to appeal the trial court's March 28, 2025 final judgment. We conclude we lack jurisdiction and dismiss the appeal.

Generally, a notice of appeal must be filed within 30 days after a judgment is signed. Tex. R. App. P. 26.1. When a party timely files a motion for new trial, the notice of appeal must be filed within 90 days after the judgment is signed. *Id.* A motion for extension of time is implied when an appellant acting in good faith files a notice of appeal within the next 15 days after the notice of appeal is due. *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). But an appellant must provide a reasonable explanation for the late filing of the notice of appeal. Tex. R. App. P. 10.5(b)(2).

Here, Appellants timely filed a new-trial motion, so June 26, 2025 was their notice of appeal filing deadline. *See* Tex. R. App. P. 26.1. But Appellants filed their notice of appeal on July 10, 2025. On that day, we warned Appellants that because their notice of appeal was untimely, we could dismiss this appeal unless, by July 21, 2025, they filed a response informing us, in writing, of facts reasonably explaining their late filing. *See* Tex. R. App. P. 42.3, 44.3. Appellants have not responded. *See* Tex. R. App. 10.5(b)(2).

We are not authorized to alter the time for perfecting an appeal in a civil case. *See* Tex. R. App. P. 2. Because Appellants did not respond to this court's *Verburgt* notice, we cannot exercise jurisdiction over the appeal. *See, e.g., Forest Hills Home Ass'n*

*v. Rogers*, No. 02-25-00170-CV, 2025 WL 1599967, at *1 (Tex. App.—Fort Worth June 5, 2025, no pet.) (mem. op.); *Reames v. Barnes-Brashear*, No. 12-24-00109-CV, 2024 WL 2197211, at *1 (Tex. App.—Tyler May 15, 2024, no pet.) (mem. op.); *see also Lasater v. Thompson*, No. 02-20-00290-CV, 2021 WL 386957, at *1 (Tex. App.—Fort Worth Feb. 4, 2021, no pet.) (mem. op.) (explaining that absent a timely filed notice of appeal or extension request, an appellate court lacks jurisdiction). Accordingly, we dismiss this appeal for want of jurisdiction.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  August 7, 2025